### 65886. HYMAN v. MOLDOVAN et al.

SHULMAN, Chief Judge.

Appellant filed suit against his former wife, her parents, and her present husband, alleging that they had conspired to alienate the affections of appellant's minor son from appellant. Appellees' motions to dismiss for failure to state a claim upon which relief can be granted and, alternatively, lack of personal jurisdiction of appellees were granted by the trial court. This appeal followed.

1. Putting aside a discussion on the applicability of the Long Arm Statute (OCGA § 9-10-91 (Code Ann. § 24-113.1)) to the jurisdictional facts of the case at bar, we conclude that the trial court was correct in dismissing appellant's complaint on the ground that it failed to state a claim upon which relief could be granted. OCGA § 9-11-12 (b) (6) (Code Ann. § 81A-112). The fact that Georgia no longer recognizes a cause of action for alienation of affections is exemplified by the language of OCGA § 51-1-17 (Code Ann. § 105-1203): "Adultery, alienation of affections, or criminal conversation with a wife or husband shall not give a right of action to the person's spouse. Rights of action for adultery, alienation of affections, or criminal conversation are abolished." Appellant argues

that the statute abolishes only those alienation of affection suits which involve the loss of spousal affection, and that it does not apply to a case in which the alienation of the affections of a minor child is alleged. However, there is no such limiting language in the statute and we do not intend to place such a strained construction on the statute.

2. Appellant ingeniously camouflaged his alienation of affection suit with an allegation of conspiracy. However, " ' "[t]he averment of a conspiracy in the declaration does not ordinarily change the nature of the action nor add to its legal force or effect. The gist of the action is not the conspiracy alleged, but the tort committed against the plaintiff and the damage thereby done wrongfully. Where damage results from an act which, if done by one alone, would not afford ground of action, the like act would not be rendered actionable because done by several in pursuance of a conspiracy." ' [Cit.]" *Grace v. Roan,* 145 Ga. App. 776, 778 (245 SE2d 17). Inasmuch as the main cause of action which appellant alleged in his complaint has been abolished statutorily, the trial court was correct in dismissing the complaint.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 1, 1983 —
REHEARING DENIED JUNE 15, 1983 — 

*Donald A. Weissman,* for appellant.
*Donald F. Walton, Frank B. Strickland,* for appellees.