ROBERT D. MURPHY v. SYLVIA J. GLAFENHEIN, Executrix of the Estate of HERBERT OTTO GLAFENHEIN, SR., Deceased; and BERNSTEIN HURST D/B/A/ HURST TRAILERS; and GENE MANNING D/B/A MANNING TRACTOR, TRUCK AND EQUIPMENT

No. 9224SC698

(Filed 6 July 1993)

**Courts § 14 (NCI4th)— Tennessee defendant—long-arm statute— due process**

> When personal jurisdiction is alleged to exist pursuant to N.C.G.S. § 1-75.4(1)(d), the question of statutory authorization collapses into the question of whether the defendant has the minimum contacts with North Carolina necessary to meet the requirements of due process. In this case, defendant Manning's contacts with North Carolina are adequate to meet the due process requirements associated with the exercise of personal jurisdiction in that Manning has a number of contacts with North Carolina, including a business located near the North Carolina state line which caters in part to North Carolina residents, resulting in sales and deliveries of trailers and related equipment to North Carolina residents, and an established relationship with at least three North Carolina businesses; North Carolina has an interest in adjudicating this dispute in that plaintiff is a resident of this state, his injuries occurred here, and North Carolina law governs these claims; the location of evidence and thirteen witnesses in North Carolina, as well as Manning's proximity to North Carolina, suggests that North Carolina is the most convenient forum

in which to adjudicate these claims; and Manning could reasonably anticipate being haled into court in North Carolina because he knowingly sold trailers to North Carolina residents and purposefully availed himself of the privilege of conducting business in North Carolina by voluntarily contracting for the purchase of equipment with North Carolina enterprises.

**Am Jur 2d, Courts §§ 118, 119.**

Appeal by defendant Gene Manning d/b/a Manning, Tractor, Truck and Equipment from order filed 23 March 1992 in Yancey County Superior Court by Judge Beverly T. Beal. Heard in the Court of Appeals 27 May 1993.

*Joseph A. Ferikes for plaintiff-appellee.*

*Adams Kleemeier Hagan Hannah & Fouts, by Larry I. Moore, III, and Edward L. Bleynat, Jr., for defendant-appellee Sylvia J. Glafenhein, Executrix of the Estate of Herbert Otto Glafenhein, Sr., Deceased.*

*Blue, Fellerath, Cloninger & Barbour, P.A., by John C. Cloninger and John C. Hensley, Jr., for defendant-appellant Gene Manning d/b/a Manning Tractor, Truck and Equipment.*

GREENE, Judge.

Defendant Gene Manning d/b/a Manning Tractor, Truck and Equipment (Manning) appeals from an order filed on 23 March 1992, denying Manning's motions to dismiss plaintiff's complaint and defendant Sylvia J. Glafenhein's cross-claims on the grounds of lack of *in personam* jurisdiction and failure to state a claim upon which relief can be granted.

The facts pertinent to this appeal are as follows: On 10 July 1989, Herbert Glafenhein (Mr. Glafenhein) purchased a trailer from defendant Manning's place of business in Sevierville, Tennessee. On 27 August 1989, Mr. Glafenhein, using the trailer which he had purchased from defendant Manning, began transporting a farm tractor from Clemmons, North Carolina, to his home in Sevierville, Tennessee. At approximately 9:40 that evening on Interstate 40 in McDowell County, North Carolina, Mr. Glafenhein collided with plaintiff. Mr. Glafenhein was killed in the accident.

On 21 February 1990, plaintiff filed a complaint in Yancey County, North Carolina, against Sylvia Glafenhein (Mrs. Glafenhein), the wife of Mr. Glafenhein and executrix of his estate. Plaintiff later amended his complaint to add Manning as a defendant, and Manning was served with a summons and amended complaint on 21 August 1991. Manning subsequently, pursuant to N.C.G.S. § 1A-1, Rule 12(b)(2) and (6), filed motions to dismiss the complaint as well as cross-claims asserted by Mrs. Glafenhein on the grounds of lack of personal jurisdiction and the claims' failure to state a claim upon which relief can be granted.

At the hearing on Manning's motions held on 3 February 1992, the trial court considered the arguments of counsel, briefs, and the affidavits of Billie Delane, Ray Flowers, and Jerry King. With the consent of the parties, the trial court took the matter under advisement. Subsequently, the court, over Manning's objection, considered material offered by Mrs. Glafenhein's attorney, specifically, excerpts of depositions of Mrs. Glafenhein, Manning, and Manning's employee Jeff Sims (Sims), who had assisted Mr. Glafenhein with his purchase of the trailer. The deposition of Mrs. Glafenhein considered by the court was one taken during discovery in a case instituted prior to the instant case; those of Manning and Sims were taken during discovery in the instant case.

On 23 March 1992, the trial court filed an order denying Manning's motions to dismiss. In its order, the court made the following pertinent findings:

2. Defendant Manning has operated a business in Sevierville, Tennessee, and at the time of the accident complained of operated that business for the sale of farm equipment and other vehicles, including trailers of this type. Sevierville is in Sevier County, Tennessee and is contiguous to the North Carolina border. The deceased, Herbert Glafenhein, purchased a trailer from Defendant Manning. The business operation of Manning included sales to North Carolina residents. . . . From the [affidavit of Billie Delane], the Court finds that the Manning business ordered on an irregular basis equipment from Gill Manufacturing in Charlotte, North Carolina. From the [affidavit of Ray D. Flowers], the Court finds that the Manning business was and has become a dealer of Befco, Inc. since February, 1990, and that the Manning business has made orders for equipment from Befco on a regular basis from the Rocky Mount

factory of Befco. The Affidavit of Jerry King recites that Mr. Manning has purchased motor vehicles from King Auction & Realty Company in Fletcher, North Carolina, and records of sales are attached to that Affidavit.

Based on these and other findings, the court concluded that "there are substantial contacts between Defendant Manning's business operation located in Tennessee and the State of North Carolina to submit the Defendant Manning to the jurisdiction of this Court under N.C.G.S. [§ 1-75.4(1)(d)] and the exercise of jurisdiction does not unconstitutionally violate due process of law." From this order, Manning appeals.[1] See N.C.G.S. § 1-277(b) (1983) ("[a]ny interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant").

---

The issues presented are whether the trial court's findings support its conclusion that the court may exercise personal jurisdiction over Manning pursuant to (I) North Carolina's long-arm statute; and (II) the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

As an initial matter, Manning contends that the trial court erred in considering, subsequent to the hearing on Manning's motion to dismiss and over his objection, excerpts of the depositions of Manning, Manning's employee Jeff Sims, and Mrs. Glafenhein. We, however, do not address the propriety of the trial court's actions in this regard because we need consider only the court's findings which are based on the evidence presented at the hearing, as well as the admissions in Manning's brief in support of his motions to dismiss, in order to determine whether the trial court properly found *in personam* jurisdiction.

A two-part inquiry is required in order to determine whether a trial court may exercise personal jurisdiction over a nonresident defendant. *Cherry Bekaert & Holland v. Brown*, 99 N.C. App. 626,

---

1. Although Manning appeals from the trial court's denial of both his Rule 12(b)(2) and Rule 12(b)(6) motions, Manning asserts no argument relating to the court's denial of the Rule 12(b)(6) motions. For this reason, and for the further reason that such denial is an interlocutory order not affecting a substantial right and is therefore not immediately appealable, *see* N.C.G.S. § 1A-1, Rule 54(b) (1990), we do not address the propriety of the trial court's denial of these motions.

629, 394 S.E.2d 651, 654 (1990). " 'First, the transaction must fall within the language of the State's "long-arm" statute. Second, the exercise of jurisdiction must not violate the due process clause of the fourteenth amendment to the United States Constitution.' " *Id.* (quoting *Tom Togs, Inc. v. Ben Elias Indus. Corp.*, 318 N.C. 361, 364, 348 S.E.2d 782, 785 (1986) ). The plaintiff has the burden of proving by a preponderance of the evidence the existence of grounds for the exercise of personal jurisdiction over the defendant. *Gro-Mar Pub. Relations, Inc. v. Billy Jack Enters., Inc.*, 36 N.C. App. 673, 677, 245 S.E.2d 782, 784 (1978); *see also* 2A *Moore's Federal Practice* § 12.07[2.-2] (1993).

I

*Long-Arm Statute*

Manning argues that the trial court lacked statutory authority under the North Carolina long-arm statute to subject him to *in personam* jurisdiction.

North Carolina's "long-arm" statute, N.C.G.S. § 1-75.4, provides that

[a] court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) or Rule 4(j1) of the Rules of Civil Procedure under any of the following circumstances:

(1) Local Presence or Status.—In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party:

. . . .

d. Is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise.

N.C.G.S. § 1-75.4(1)(d) (1983).

Our Supreme Court, in construing subsection (1)(d) of North Carolina's long-arm statute, stated that

[b]y the enactment of G.S. 1-75.4(1)(d), it is apparent that the General Assembly intended to make available to the North Carolina courts the full jurisdictional powers permissible under

federal due process. Thus, we hold that G.S. 1-75.4(1)(d) applies to defendant and, statutorily, grants the courts of North Carolina the opportunity to exercise jurisdiction over defendant to the extent allowed by due process.

*Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 676, 231 S.E.2d 629, 630-31 (1977) (citation omitted). In other words, when personal jurisdiction is alleged to exist pursuant to Section 1-75.4(1)(d), "the question of statutory authorization 'collapses into the question of whether [the defendant] has the minimum contacts with North Carolina necessary to meet the requirements of due process.'" *Hanes Cos. v. Ronson*, 712 F. Supp. 1223, 1226 (M.D.N.C. 1988) (citations omitted). Thus, we proceed directly to the constitutional issue.

## II

### Due Process Requirements

Manning argues that the exercise of personal jurisdiction in the instant case would be unconstitutional because he lacks the requisite minimum contacts with the State of North Carolina. We disagree.

The pivotal inquiry in determining whether the exercise of personal jurisdiction over a nonresident defendant comports with due process is whether the defendant has established "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 283 (1940)). Although no single factor controls,

> [f]actors for determining the existence of minimum contacts include "'(1) quantity of the contacts, (2) nature and quality of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest of the forum state, and (5) convenience to the parties.'" In each case, it is essential that defendant purposely act to avail himself of "the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Additionally, defendant's contacts with the forum state must be such that he or she "should reasonably anticipate being haled into court there."

*Cherry*, 99 N.C. App. at 632, 394 S.E.2d at 655-56 (citations omitted).

Based on the findings of the trial court previously recited in this opinion, which are supported by the evidence in the record, Manning's contacts with North Carolina are adequate to meet the due process requirements associated with the exercise of personal jurisdiction. First, Manning has a number of contacts with North Carolina, including a business located near the North Carolina state line which caters in part to North Carolina residents, resulting in sales and deliveries of trailers and related equipment to North Carolina residents, and an established relationship with at least three North Carolina businesses. In fact, Manning at the time he was served with plaintiff's complaint had become a dealer for Befco, Inc., out of Rocky Mount, placing equipment orders from Befco to be shipped to him in Tennessee on a regular basis. " '[A] continuing contractual business relationship, not one or two isolated transactions,' is sufficient to establish *in personam* jurisdiction." *Cherry*, 99 N.C. App. at 633, 394 S.E.2d at 656.

In addition, North Carolina has an interest in adjudicating this dispute as plaintiff is a resident of this State, his alleged injuries occurred here, and North Carolina law governs his claims as well as the cross-claims asserted by Mrs. Glafenhein. *See Tom Togs*, 318 N.C. at 367, 348 S.E.2d at 787 ("a state has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors"); *White v. Vananda*, 13 N.C. App. 19, 23, 185 S.E.2d 247, 250 (1971) (law of the state where the collision occurs governs adjudication of plaintiff's claim). Furthermore, the location of thirteen witnesses and evidence in North Carolina, as well as Manning's proximity to North Carolina, suggests that North Carolina is the most convenient forum in which to adjudicate the asserted claims. Finally, because Manning knowingly sold trailers to North Carolina residents and because he purposefully availed himself of the privilege of conducting business in North Carolina by voluntarily contracting for the purchase of equipment with North Carolina enterprises, Manning could reasonably anticipate being haled into court in this State.

Based on the foregoing, the findings of the trial court support its exercise of personal jurisdiction over Manning, and his assignments of error in this regard are rejected.

Affirmed.

Judges JOHNSON and WYNN concur.