RETAIL INVESTORS, INC. v. HENZLIK INVESTMENT CO.; RONALD J. BENNETT; MICHAEL H. STAENBERG, INDIVIDUALLY AND AS TRUSTEE FOR THE MICHAEL H. STAENBERG LIVING TRUST; STEPHEN F. HUTCHINSON; ROBERT J. WATERS; C. W. ANSELL; IRVIN B. MAIZLISH, INDIVIDUALLY AND AS TRUSTEE FOR THE IRVIN B. MAIZLISH LIVING TRUST; AND FRANK O. PUSEY

No. 9326SC77

(Filed 1 February 1994)

**Courts § 145 (NCI4th)— consent to jurisdiction—guaranty agreement—subject not related to North Carolina—original contemplation of parties—enforceable**

The trial court did not err by denying defendants' motions to dismiss for lack of jurisdiction where plaintiff and defendants entered into a guaranty agreement concerning a shopping center in Jacksonville, Florida, which contained a consent to jurisdiction in North Carolina. The two-step inquiry into statutory authorization and minimum contacts is not necessary where the defendant consents to personal jurisdiction. Defendants do not contend that the consent was the product of fraud or unequal bargaining power and, while defendants contend that the consent was unreasonable and unfair because the transaction was wholly unrelated to North Carolina, the basis of that claim was within the original contemplation of the parties.

**Am Jur 2d, Conflict of Laws § 82.**

Appeal by defendants from order entered 8 December 1992 in Mecklenburg County Superior Court by Judge Robert W. Kirby. Heard in the Court of Appeals 6 January 1994.

*Parker, Poe, Adams & Bernstein, by Fred T. Lowrance, Frank A. Hirsch, Jr., and Michael G. Adams, for plaintiff-appellee.*

*Petree Stockton, by Jackson N. Steele and B. David Carson, for defendant-appellants.*

GREENE, Judge.

Henzlik Investment Co., Ronald J. Bennett, Michael H. Staenberg, Stephen F. Hutchinson, Robert J. Waters, C.W. Ansell, Irvin B. Maizlish, and Frank O. Pusey (defendants) appeal from an order filed 10 December 1992, denying their motion to dismiss for lack of personal jurisdiction Retail Investors, Inc.'s (Retail) complaint seeking enforcement of a guaranty agreement.

The facts in this case are as follows: Jacksonville Partners, a Florida general partnership, owned a commercial shopping center development (the shopping center) in Jacksonville, Florida. Retail, a Delaware corporation with its principal place of business and home office located in Myrtle Beach, South Carolina and a wholly owned subsidiary of the Waccamaw Corporation (Waccamaw), a South Carolina corporation, was one of two partners in Jacksonville Partners. St. Augustine Road Development Company (St. Augustine) was the other partner. Defendants, the individual partners in St. Augustine, consist of the following: Henzlik Investment Co., a Missouri general partnership with Donald L. Henzlik (Henzlik), a citizen and resident of Missouri, as a principal partner; Ronald J. Bennett (Bennett), Irvin B. Maizlish (Maizlish), and Michael H. Staenberg (Staenberg), all citizens and residents of Missouri; Stephen F. Hutchinson (Hutchinson), Frank O. Pusey (Pusey), and C.W. Ansell (Ansell), all citizens and residents of South Carolina; and Robert J. Waters (Waters), a citizen and resident of Pennsylvania. Jacksonville Partners, as landlord, entered into a lease with Waccamaw, as tenant, for lease of a portion of the shopping center. In connection with Waccamaw's amendment of its lease, defendants and Retail executed a guaranty agreement on 3 October 1989. Pursuant to this agreement, defendants guaranteed payment of the indebtedness owed by St. Augustine to Retail under the terms of the Amended and Restated Partnership Agreement of Jacksonville Partners. The guaranteed indebtedness includes $1,364,330.00 as a principal loan

(the Back-End Preference) plus annual payments (Annual Cash Flow Preference) as of March 31 of each year for ten years in the amount of $136,433.00 pursuant to Article 4.03 of the Jacksonville Partnership Agreement, together with any accrued interest. Paragraph 15 of the guaranty agreement contained a consent to jurisdiction clause which stated:

> This Agreement shall be deemed to be a contract made under, and for all purposes shall be construed in accordance with, the internal laws and judicial decisions of the State of North Carolina. The [defendants] and Retail agree that any dispute arising out of this Agreement shall be adjudicated in either the state or federal courts in North Carolina and in no other forum. For that purpose, the [defendants] hereby submit to the jurisdiction of the state and federal courts of North Carolina. The [defendants] also agree that both the federal and state courts in Mecklenburg County, North Carolina are a convenient forum and agree not to raise as a defense that such courts are not a convenient forum. The [defendants] further agree to accept service of process out of any of the beforementioned courts in any such dispute by registered or certified mail addressed to the [defendants].

For 1992, defendants failed to pay an obligation due under the guaranty agreement. On 11 August 1992, Retail filed a complaint seeking enforcement of the guaranty agreement with defendants, costs of the action, and attorneys' fees and expenses.

On and between 19 October 1992 and 13 November 1992, defendants filed seven separate motions to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the North Carolina Rules of Civil Procedure and improper venue under Rule 12(b)(3) of the North Carolina Rules of Civil Procedure. The motions claimed lack of personal jurisdiction over Staenberg, Ansell, Waters, Maizlish, Bennett, Hutchinson, and Henzlik. After the hearing on defendants' motions to dismiss, at which defendants abandoned their 12(b)(3) motions to dismiss for improper venue, the trial court denied defendants' motions to dismiss for lack of personal jurisdiction by order filed 10 December 1992.

---

The issue presented is whether the consent to North Carolina jurisdiction provision in the guaranty agreement between Retail and defendants is unfair or unreasonable.

RETAIL INVESTORS, INC. v. HENZLIK INVESTMENT CO.

[113 N.C. App. 549 (1994)]

Although this appeal is interlocutory, defendants have an immediate right of appeal from the denial of their motion to dismiss for lack of personal jurisdiction. N.C.G.S. § 1-277(b) (1983).

The general rule requires that the trial court, as a prerequisite to exercising jurisdiction, make two basic inquiries: (1) whether any North Carolina statute authorizes the court to entertain an action against the defendant and if so, (2) whether defendant has sufficient minimum contacts with the state so that considering the action does not conflict with "traditional notions of fair play and substantial justice." *Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 96, 414 S.E.2d 30, 35 (1992). A defendant may, however, consent to personal jurisdiction and in such event, the two step inquiry is unnecessary to the exercise of personal jurisdiction over the defendant. *Insurance Corp. v. Compagnie Des Bauxites*, 456 U.S. 694, 701-02, 72 L. Ed. 2d 492, 501-02 (1982); *Johnston County*, 331 N.C. at 96, 414 S.E.2d at 35; *Montgomery v. Montgomery*, 110 N.C. App. 234, 237, 429 S.E.2d 438, 440 (1993).

One method of consenting to personal jurisdiction is the inclusion in a contract of a consent to jurisdiction provision. This type of provision does not violate the Due Process Clause and is valid and enforceable unless it is the product of fraud or unequal bargaining power or unless enforcement of the provision would be unfair or unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14, 85 L. Ed. 2d 528, 540 n.14 (1985); *see Perkins v. CCH Computax, Inc.*, 333 N.C. 140, 146, 423 S.E.2d 780, 783 (1992) (discussing forum selection clause).

The defendants do not contend that the consent to jurisdiction provision was the product of fraud or unequal bargaining power. They do argue that the provision is unreasonable and unfair because "the transaction at issue is wholly unrelated to North Carolina and there is no substantial relationship between the parties and North Carolina in connection with the Shopping Center or the Agreement." We disagree. The parties were fully aware, at the time the contract was made, that the transaction was unrelated to North Carolina and that the parties had no substantial relationship with North Carolina. Thus, the basis of the defendants' claim of unreasonableness and unfairness was within the original contemplation of the parties and cannot now be used to support an argument that the consent to jurisdiction provision is unreasonable

or unfair. The trial court therefore did not err in denying defendants' motions to dismiss for lack of personal jurisdiction.

Affirmed.

Judges COZORT and JOHN concur.