MARY BETH FOX, Plaintiff v. TRACY GIBSON, Defendant

No. COA05-826

(Filed 7 March 2006)

**1. Appeal and Error— appealability—denial of motion to dismiss—personal jurisdiction**

The denial of a motion to dismiss for lack of personal jurisdiction is statutorily deemed to be immediately appealable. N.C.G.S. § 1-277(b).

**2. Jurisdiction— personal—order determining—standard of review**

The standard of review of an order determining personal jurisdiction is whether the findings are supported by competent evidence.

**3. Jurisdiction— personal—motion to dismiss denied—conclusion that claim arose from activities in North Carolina**

The trial court did not err by denying a motion to dismiss for lack of personal jurisdiction in an alienation of affections action where defendant lived in Georgia and plaintiff in North Carolina. With one exception, there was evidence to support the court's findings and its conclusion that the action arose from activities in North Carolina. N.C.G.S. § 1-75.4(3).

**4. Jurisdiction— minimum contacts—alienation of affections—defendant in Georgia**

Sufficient contacts existed that defendant's due process rights were not violated by the exercise of in personam jurisdiction in an alienation of affections case in which defendant lived in Georgia and plaintiff in North Carolina.

Appeal by Defendant from order entered 30 March 2005 by Judge J. Gentry Caudill in Superior Court, Mecklenburg County. Heard in the Court of Appeals 8 February 2006.

*James, McElroy & Diehl, P.A., by Preston O. Odom, III, M. Neya Warren, and Sarah M. Brady, for plaintiff-appellee.*

*Armstrong & Armstrong, P.A., by L. Lamar Armstrong, Jr., for defendant-appellant.*

WYNN, Judge.

To establish in personam jurisdiction over a non-resident defendant, the plaintiff must establish statutory authority and sufficient minimum contacts between the defendant and the forum state so as not to offend the defendant's federal due process rights.[1] In this alienation of affections action, Defendant argues that there is neither statutory authority nor sufficient minimum contacts to exercise personal jurisdiction over her in North Carolina. Because N.C. Gen. Stat. § 1-75.4(3) (2005) grants statutory authority for personal jurisdiction

_____

1. *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 675, 231 S.E.2d 629, 630 (1977).

FOX v. GIBSON

[176 N.C. App. 554 (2006)]

in this case, and Defendant's telephone conversations, e-mails, and sexual relations with Plaintiff's husband while he resided in North Carolina are sufficient minimum contacts, we affirm the trial court's denial of Defendant's motion to dismiss for lack of personal jurisdiction.

This appeal arises from the complaint of Mary Beth Fox against Tracy Gibson for allegedly making "improper advances to [her husband] Skip Fox in violation of [their marital relationship]." Ms. Fox contended that Ms. Gibson, "enticed [her] husband from her and acquired an undue influence over him which was the direct cause of great marital discord between [them] and their subsequent separation." Ms. Fox further asserted that Ms. Gibson's conduct "was unprovoked and unsolicited by [her] husband and was in fact the direct and deliberate attempt on the part of [Ms. Gibson] to cause the alienation of affections between [them]."

Before answering Ms. Fox's complaint, Ms. Gibson moved to dismiss the complaint for lack of personal jurisdiction over her. She contended in an affidavit that she lived in Georgia, not North Carolina, and had "never had sexual relations with the plaintiff's husband in North Carolina" nor "done anything to avail [herself] of the laws and privileges of North Carolina."

Ms. Fox responded by producing the affidavit of her estranged husband who stated that he "engaged in sexual relations with Defendant Tracy Gibson . . . in the state of North Carolina during [his] marriage to Plaintiff." He further stated that he and Ms. Gibson "engaged in numerous telephone conversations while she resided in Georgia and [he] resided in North Carolina" and that Ms. Gibson "sent e-mail messages to [him] in North Carolina from the state of Georgia."

By order entered 30 March 2005, the trial court denied Ms. Gibson's motion to dismiss. From this order Ms. Gibson appeals.

[1] Preliminarily, we note that this appeal, while interlocutory,[2] is properly before us because motions to dismiss for lack of personal

---

2. An order is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the rights of all parties involved in the controversy. *See Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950); *Flitt v. Flitt*, 149 N.C. App. 475, 477, 561 S.E.2d 511, 513 (2002). Generally, there is no right to immediate appeal from an interlocutory order. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b) (2005); *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381.

jurisdiction are statutorily deemed to be immediately appealable. N.C. Gen. Stat. § 1-277(b) (2005) ("Any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant[.]"); *Retail Investors, Inc. v. Henzlik Inv. Co.*, 113 N.C. App. 549, 552, 439 S.E.2d 196, 198 (1994) (holding that immediate right to appeal lies from denial of motion to dismiss for lack of personal jurisdiction).

[2] We further note that, "The standard of review of an order determining personal jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." *Replacements, Ltd. v. MidweSterling*, 133 N.C. App. 139, 140-41, 515 S.E.2d 46, 48 (1999) (citing *Better Business Forms, Inc. v. Davis*, 120 N.C. App. 498, 462 S.E.2d 832 (1995)).

[3] On appeal, Ms. Gibson argues that the trial court erred in denying her motion to dismiss for lack of personal jurisdiction because (1) there is no statutory authority for personal jurisdiction; and (2) an exercise of personal jurisdiction over her violates due process of the law.

Indeed, Ms. Gibson correctly points out that a two-step analysis applies when determining whether a court may exercise in personam jurisdiction over a non-resident defendant. First, is there statutory authority that confers jurisdiction on the court? *Dillon*, 291 N.C. at 675, 231 S.E.2d at 630. This is determined by looking at North Carolina's "long arm" statute, section 1-75.4 of the North Carolina General Statutes. *Id.* Second, if statutory authority confers in personam jurisdiction over the defendant, does the exercise of in personam jurisdiction violate the defendant's due process rights? *Id.*

Regarding the statutory authority for conferring jurisdiction, Ms. Fox alleges personal jurisdiction over Ms. Gibson under North Carolina's long-arm statute, section 1-75.4 of the North Carolina General Statutes, which states in pertinent part:

(3) Local Act or Omission.—In any action claiming injury to person or property or for wrongful death within or without this State arising out of an act or omission within this State by the defendant.

N.C. Gen. Stat. § 1-75.4(3) (2005).

We recognize that "the statute requires only that the action 'claim' injury to person or property within this state in order to establish personal jurisdiction." *Godwin v. Walls*, 118 N.C. App. 341, 349, 455 S.E.2d 473, 480 (1995). The statute does not require there to be evidence of proof of such injury. *Id.*

The trial court made the following findings of fact, to which Ms. Gibson assigns error, regarding whether the claim arose from an act that occurred within North Carolina:

9. During Mr. Fox's marriage to Plaintiff and prior to the day of separation, Defendant sent e-mail messages to Mr. Fox in North Carolina from the state of Georgia.

10. Defendant and Mr. Fox engaged in sexual intercourse in the State of North Carolina during Mr. Fox's marriage to Plaintiff.

\*\*\*

12. In January 2004, Mr. Fox told Plaintiff that the cell phone he was using belonged to Defendant and that she was letting him use it.

13. There is a direct link between Defendant's contacts with this state and the injuries alleged in Plaintiff's Complaint.

Mr. Fox's affidavit states that "[d]uring my marriage to Plaintiff, Defendant sent e-mail messages to me in North Carolina from the state of Georgia." This is competent evidence to support finding of fact nine. *Replacements, Ltd.*, 133 N.C. App. at 140-41, 515 S.E.2d at 48.

Moreover, Mr. Fox's affidavit stated that he engaged in "sexual relations" with Ms. Gibson in North Carolina while married to Ms. Fox; that evidence supports finding of fact ten. Nonetheless, Ms. Gibson argues that "[s]exual relations could be any range of acts that would not necessarily be 'intercourse'[.]" However, this Court has held that for a claim of criminal conversation to survive, "plaintiff must have alleged that there were *sexual relations* between defendant and plaintiff's husband." *Cooper v. Shealy*, 140 N.C. App. 729, 733, 537 S.E.2d 854, 857 (2000) (emphasis added). It appears that this Court has previously used "sexual relations" interchangeably with "sexual intercourse." *See, e.g., Nunn v. Allen*, 154 N.C. App. 523, 535-36, 574 S.E.2d 35, 43-44 (2002); *Horner v. Byrnett*, 132 N.C. App. 323, 327, 511 S.E.2d 342, 345 (1999) ("In fact, the appellate cases prove that the *sexual intercourse* that is necessary to establish the

tort also supports an award of punitive damages: as long as there is enough evidence of criminal conversation to go to the jury, the jury may also consider punitive damages. . . . When the plaintiff proves *sexual relations* between the defendant and spouse, then it seems to take little else to establish both the tort and the right to punitive damages." (emphasis added and citation omitted)). Therefore, Mr. Fox's affidavit stating he had "sexual relations" with Ms. Gibson in North Carolina while married to Ms. Fox is competent evidence to support finding of fact ten. *Replacements, Ltd.*, 133 N.C. App. at 140-41, 515 S.E.2d at 48.

Ms. Gibson argues that the only evidence to support finding of fact twelve is inadmissible hearsay evidence. Ms. Fox states in her affidavit that Mr. Fox told her that the cell phone he had belonged to Ms. Gibson and she was letting him use it. While Ms. Fox argues that Ms. Gibson did not raise this argument to the trial court and therefore did not preserve it for review, Ms. Fox did not include a transcript of the hearing in the record on appeal. Therefore, finding of fact twelve is not supported by competent evidence and the trial court erred in making finding of fact twelve.

Finally, Ms. Gibson argues that finding of fact thirteen is incorrect because she had no specific contacts with North. Carolina. But the trial court found that Ms. Gibson engaged in numerous telephone conversations with Mr. Fox while he resided in North Carolina; Ms. Gibson sent e-mail messages to Mr. Fox in North Carolina; and, Ms. Gibson engaged in sexual intercourse with Mr. Fox in North Carolina. This is competent evidence to support the trial court's finding that there is a direct link between Ms. Gibson's contacts with North Carolina and the injuries alleged in Ms. Fox's complaint. *Replacements, Ltd.*, 133 N.C. App. at 140-41, 515 S.E.2d at 48.

Since the trial court's findings of fact, ignoring finding of fact twelve, support its conclusion of law that "[t]his action arises directly out of Defendant's activities within and to the state of North Carolina[,]" we hold that section 1-75.4(3) of the North Carolina General Statutes confers personal jurisdiction in North Carolina. *See Dillon*, 291 N.C. at 675, 231 S.E.2d at 630; *see also Cooper*, 140 N.C. App. at 733, 537 S.E.2d at 857 (holding that claims of alienation of affections and criminal conversation are claims within the purview of section 1-75.4(3) of the North Carolina General Statutes).

[4] We must next examine whether the exercise of in personam jurisdiction under the statutory authority of section 1-75.4(3) violates Ms.

Gibson's due process rights. *Id.* at 734, 537 S.E.2d at 857. To satisfy the requirements of the due process clause, there must exist "certain minimum contacts [between the non-resident defendant and the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Tom Togs, Inc. v. Ben Elias Indus. Corp.*, 318 N.C. 361, 365, 348 S.E.2d 782, 786 (1986) (citations omitted). In determining minimum contacts, the court looks at several factors, including: 1) the quantity of the contacts; 2) the nature and quality of the contacts; 3) the source and connection of the cause of action with those contacts; 4) the interest of the forum state; and 5) the convenience to the parties. *Phoenix Am. Corp. v. Brissey*, 46 N.C. App. 527, 530-31, 265 S.E.2d 476, 479 (1980). These factors are not to be applied mechanically; rather, the court must weigh the factors and determine what is fair and reasonable to both parties. *Id.* at 531, 265 S.E.2d at 479 (citation omitted). No single factor controls; rather, all factors "must be weighed in light of fundamental fairness and the circumstances of the case." *B.F. Goodrich Co. v. Tire King of Greensboro, Inc.*, 80 N.C. App. 129, 132, 341 S.E.2d 65, 67 (1986).

In examining the quantity of contacts, there is no transcript of the hearing and the complaint does not allege a specific number of contacts. However, Mr. Fox's affidavit states that he had "numerous" telephone conversations with Ms. Gibson while he resided in North Carolina, along with e-mail messages, and sexual relations. While we are unaware of the specific quantity of contacts, the nature of the contacts is sufficient for purposes of section 1-75.4(3) of the North Carolina General Statutes. *See Cooper*, 140 N.C. App. at 735, 537 S.E.2d at 858. Additionally, the trial court found that there is a direct link between Ms. Fox's injuries and Ms. Gibson's contacts with North Carolina. *See id.*

The trial court also found that the state of Georgia has abolished the causes of action for alienation of affections and criminal conversation.[3] In *Cooper*, the plaintiff could not bring the claims for alienation of affections and criminal conversation in the defendant's resident state since that state had abolished those causes of action. *Id.* This Court noted that "North Carolina's interest in providing a

---

3. "Adultery, alienation of affections, or criminal conversation with a wife or husband shall not give a right of action to the person's spouse. Rights of action for adultery, alienation of affections, or criminal conversation are abolished." Ga. Code Ann. § 51-1-17 (2005); *see also Hyman v. Moldovan*, 166 Ga. App. 891, 305 S.E.2d 648 (1983).

forum for plaintiff's cause of action is especially great in light of the circumstances." *Id.*

Finally, we look to the convenience of the parties. Witnesses and evidence relevant to the Foxes' marriage and cause of separation would more than likely be located in North Carolina. Additionally, Ms. Gibson resides in a nearby state causing a minimal travel burden. *See id.* at 735-36, 537 S.E.2d at 858.

As we find that sufficient minimum contacts exist so that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice[,]' " *Tom Togs, Inc.*, 318 N.C. at 365, 348 S.E.2d at 786, the exercise of personal jurisdiction does not violate Ms. Gibson's due process rights. Accordingly, we hold that the trial court did not err in denying Ms. Gibson's motion to dismiss for lack of personal jurisdiction.

Affirmed.

Judges BRYANT and CALABRIA concur.