IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-187

Filed: 15 September 2015

Forsyth County, No. 14 CVS 3592

CREDIT UNION AUTO BUYING SERVICE, INC., Plaintiff,

v.

BURKSHIRE PROPERTIES GROUP CORP., JOSEPH FELIX STREVELL and
CHAUNCEY STREVELL, all individually and D/B/A JOE'S GARAGE and RJC
TRADING COMPANY; STATE LINE AUTO AUCTION, INC., STRAIGHT LINE,
L.L.C., Defendants.

Appeal by defendant Straight Line, L.L.C., from order entered 13 November

2014 by Judge Anderson D. Cromer in Forsyth County Superior Court. Heard in the

Court of Appeals 26 August 2015.

> *Spillman Thomas & Battle, PLLC, by Bryan G. Scott, for plaintiff-appellee.*
>
> *Connors Morgan, PLLC, by Jeffrey T. Workman and Daniel W. Koenig, for
> defendant-appellant.*

ZACHARY, Judge.

Where the property at issue was located in North Carolina, the trial court did

not err in exercising *quasi in rem* jurisdiction over the controversy.

<u>I. Factual and Procedural Background</u>

Credit Union Auto Buying Service, Inc. (appellee CUABS) is a not-for-profit

corporation organized under North Carolina law, with its principal place of business

in Winston-Salem, North Carolina. CUABS is an automobile dealer that sells cars,

CREDIT UNION AUTO BUYING SERV., INC. v. BURKSHIRE PROPS. GRP. CORP.

*Opinion of the Court*

primarily to credit unions. State Line Auto Auction, Inc. (State Line) is a company incorporated in New York, with its principal place of business in Waverly, New York. State Line acts as a broker for vehicle sales at its auction location in Waverly. Burkshire Properties Group Corp., doing business as Joe's Garage and RJC Trading Company, (Burkshire) is another corporation organized under New York law with its place of business in New York; it is owned by Joseph Felix Strevell and Chauncey Strevell (the Strevells).

Burkshire purchased vehicles from State Line under a line of credit extended by Straight Line, L.L.C. (appellant Straight Line). Appellant Straight Line maintained a security interest in the vehicles and retained the certificates of title to the vehicles as collateral. All transactions between Burkshire, State Line, and appellant Straight Line occurred in New York.

Appellee CUABS began purchasing vehicles from Burkshire in January of 2013. Appellee CUABS would pay money to Burkshire to cover the price of the vehicles, the buyer's fees, fees to transfer certificates of title, and fees for delivery of the vehicles to North Carolina for resale. In April of 2014, Burkshire failed to provide to appellee CUABS the certificates of title for 46 vehicles that appellee CUABS had purchased. The vehicles at issue had been purchased by Burkshire at a State Line auction with financing provided by appellant Straight Line, and appellant Straight

CREDIT UNION AUTO BUYING SERV., INC. V. BURKSHIRE PROPS. GRP. CORP.

*Opinion of the Court*

Line claimed a security interest in the vehicles. Burkshire delivered these vehicles to appellee CUABS in North Carolina.

On 10 June 2014, appellee CUABS brought this action against Burkshire, the Strevells, State Line, and appellant Straight Line, alleging breach of contract and unjust enrichment, and seeking a declaratory judgment and specific performance. On 25 August 2014, appellant Straight Line moved to dismiss the complaint pursuant to Rule 12(b)(2) of the North Carolina Rules of Civil Procedure due to an alleged lack of personal jurisdiction. On 13 November 2014, the trial court denied this motion.

Appellant Straight Line filed timely notice of appeal.

## II. Standard of Review

As a general rule, denial of a motion to dismiss is deemed to be interlocutory, and is not immediately reviewable by this Court. An exception lies, however, as concerns a denial of a motion to dismiss based on a lack of personal jurisdiction. N.C. Gen. Stat. § 1-277 "allows a party to immediately appeal an order that . . . constitutes an adverse ruling as to personal jurisdiction." *Can Am S., LLC v. State,* ___ N.C. App. ___, ___, 759 S.E.2d 304, 307, *review denied,* 367 N.C. 791, 766 S.E.2d 624 (2014). This right of immediate appeal "is limited to rulings on 'minimum contacts' questions, the subject matter of Rule 12(b)(2)." *Love v. Moore,* 305 N.C. 575, 581, 291 S.E.2d 141, 146 (1982). Accordingly, this matter is proper for review by this Court at this time.

CREDIT UNION AUTO BUYING SERV., INC. V. BURKSHIRE PROPS. GRP. CORP.

*Opinion of the Court*

Additionally, it is well established that:

> [t]he determination of whether jurisdiction is statutorily and constitutionally permissible due to contact with the forum is a question of fact. The standard of [appellate] review of an order determining personal jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court.

*Wyatt v. Walt Disney World Co.*, 151 N.C. App. 158, 163, 565 S.E.2d 705, 708 (2002) (quoting *Replacements, Ltd. v. MidweSterling,* 133 N.C. App. 139, 140–141, 515 S.E.2d 46, 48 (1999)).

### III. Personal Jurisdiction

Appellant Straight Line contends that the trial court erred in denying its motion to dismiss for lack of personal jurisdiction. We disagree.

The appropriate exercise of personal jurisdiction by our courts is determined first by the existence of a statutory basis for the exercise of jurisdictional authority, and second by the dictates of federal due process.

The trial court in the instant case exercised *quasi in rem* jurisdiction over the controversy pursuant to N.C. Gen. Stat. § 1-75.8. This statute provides that *quasi in rem* jurisdiction may be invoked "[w]hen the subject of the action is real or personal property in this State and the defendant has or claims any lien or interest therein, or the relief demanded consists wholly or partially in excluding the defendant from any interest or lien therein." N.C. Gen. Stat. § 1-75.8(1) (2013). In the instant case,

CREDIT UNION AUTO BUYING SERV., INC. V. BURKSHIRE PROPS. GRP. CORP.

*Opinion of the Court*

appellee CUABS's claim concerned the security interest in several vehicles it had purchased and the certificates of title to said vehicles.

Even though *quasi in rem* jurisdiction is provided by statute, such jurisdiction must also meet the standards of federal law. "[T]he final determinative factor is whether the nonresident defendant has certain minimum contacts with the forum state such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Canterbury v. Monroe Lange Hardwood Imports Div. of Macrose Indus. Corp.*, 48 N.C. App. 90, 93, 268 S.E.2d 868, 870 (1980) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L.Ed. 95, 102 (1945)). There are two forms of personal jurisdiction which might bring this case within the jurisdiction of North Carolina courts: specific jurisdiction, in which the controversy arises from a defendant's contact with the forum state; and general jurisdiction, in which, although the controversy is unrelated to defendant's activities within the forum, sufficient contacts exist between defendant and the forum so as to permit jurisdiction. *Wyatt*, 151 N.C. at 165, 565 S.E.2d at 709. Specific jurisdiction exists if the defendant has purposely directed his conduct towards a resident of the forum state, and thereby "purposefully availed itself of the privilege of conducting activities in-state, thereby invoking the benefits and protections of the forum state's laws," whereas general jurisdiction exists if the defendant has continuous and systematic contacts with the forum state. *Id.* at 165, 565 S.E.2d at 710.

CREDIT UNION AUTO BUYING SERV., INC. v. BURKSHIRE PROPS. GRP. CORP.

*Opinion of the Court*

The United States Supreme Court has held that "when claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant, it would be unusual for the State where the property is located not to have jurisdiction." *Shaffer v. Heitner*, 433 U.S. 186, 207, 53 L.Ed.2d 683, 700 (1977). This Court, relying on *Shaffer*, has upheld jurisdiction where the property at issue was located in North Carolina. For example, in *Canterbury*, the plaintiff, based in West Virginia, sought and obtained an order of attachment on a quantity of lumber owned by the defendant, a New York corporation. The lumber in question was located in North Carolina. The plaintiff subsequently filed a complaint alleging that he had sold the lumber to the defendant and, pursuant to the defendant's orders, shipped it to North Carolina. The defendant, in its answer, moved to dismiss the complaint for lack of jurisdiction. The trial court entered an order dismissing the complaint, and the plaintiff appealed. *Canterbury*, 48 N.C. App. at 91-92, 268 S.E.2d at 869.

On appeal, this Court held that statutory grounds existed for the exercise of personal jurisdiction pursuant to N.C. Gen. Stat. § 1-75.8, and then found a combination of several factors that established the requisite connection between the defendant and the forum: (1) the presence of the lumber in the forum state; (2) the relationship of the lumber to the controversy; (3) the defendant's specific instruction to ship the lumber to North Carolina; and (4) the tangible nature of the property, as lumber is a physical object over which a court may exercise jurisdiction. *Id*. at 93-95,

CREDIT UNION AUTO BUYING SERV., INC. V. BURKSHIRE PROPS. GRP. CORP.

*Opinion of the Court*

268 S.E.2d at 870-71. Based on these factors, we held that jurisdiction was appropriate.

The instant case presents similar facts. The vehicles in question are located in North Carolina, and their ownership is central to the controversy. Further, appellant Straight Line was not unaware of the vehicles' destination. In its responses to appellee CUABS's interrogatories, appellant Straight Line acknowledged that it was aware that Burkshire "was purchasing vehicles at State Line Auto Auction to eventually send to a Burkshire customer in North Carolina." Appellant Straight Line was informed that the North Carolina customer "paid Burkshire thirty days after any vehicles were purchased at the auction, thus necessitating Straight Line's financing." These conversations between Burkshire and appellant Straight Line took place in late June and early July of 2013. On 26 July 2013, after having had these conversations and having been made aware of the destination of the vehicles it was financing, appellant Straight Line signed a financing and security agreement with Burkshire. Although appellant Straight Line did not direct the vehicles to be shipped to North Carolina, appellant had no reason to doubt that any challenge to its security interest would occur here. Lastly, the tangible nature of the vehicles as the subject of controversy and as objects over which *quasi in rem* jurisdiction can be exercised is parallel to that of the lumber in *Canterbury*. As the facts in the instant case satisfy

CREDIT UNION AUTO BUYING SERV., INC. V. BURKSHIRE PROPS. GRP. CORP.

*Opinion of the Court*

the same reasoning as *Canterbury*, it is evident that *quasi in rem* jurisdiction was appropriately exercised in this case.

Appellant Straight Line makes extensive arguments regarding the fact that, aside from this transaction, it has had no contact with North Carolina. Appellant Straight Line contends that North Carolina has neither specific nor general jurisdiction over it, and that it would be unconstitutional to exercise *quasi in rem* jurisdiction under those circumstances.

Even assuming *arguendo* that appellant Straight Line has had no contact with North Carolina beyond this transaction, the controversy at hand concerns a number of vehicles in which appellant Straight Line claims a security interest. These vehicles were purchased by a North Carolina plaintiff and the vehicles are located in North Carolina. Moreover, appellant Straight Line had prior knowledge that these vehicles would be sold in North Carolina. *Shaffer* and *Canterbury* make quite clear that the presence of these vehicles in the State is a perfectly reasonable basis upon which a trial court could find the existence of *quasi in rem* jurisdiction, as their presence constitutes evidence of contact with the State. We hold that the trial court's finding of contact is supported by this evidence, and that the trial court did not err in denying appellant Straight Line's motion to dismiss.

This argument is without merit.

AFFIRMED.

CREDIT UNION AUTO BUYING SERV., INC. V. BURKSHIRE PROPS. GRP. CORP.

*Opinion of the Court*

Judges STEPHENS and McCULLOUGH concur.