STRATEGIC OUTSOURCING, INC., PLAINTIFF v. JOHN STACKS, ARKANSAS TRAVEL SENTERS, INC., AND HOMEBANK OF ARKANSAS, DEFENDANTS

No. COA05-47

(Filed 21 February 2006)

**1. Appeal and Error— appealability—denial of motion to dismiss—personal jurisdiction—presumed findings**

A party has the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person. The review is to determine whether the trial court's findings are supported by competent evidence; if no findings are made, proper findings are presumed and the record is reviewed for supporting evidence.

**2. Jurisdiction— minimum contacts—agreement to jurisdiction**

Minimum contacts analysis was not necessary where defendant Stacks consented to personal jurisdiction in North Carolina in the agreement in question.

3. **Contracts— agreement on enforcement—arbitration or litigation**

An agreement which provided for enforcement by arbitration or litigation was not ambiguous or unreasonable for lack of mutuality, and did not limit plaintiff to arbitration.

4. **Corporations— piercing the corporate veil—choice of law—reverse piercing**

The question of whether to apply North Carolina or Arkansas law on corporate veil-piercing was not reached because plaintiff's allegations were sufficient to confer jurisdiction under the law of either state. As to reverse veil piercing, used here to obtain jurisdiction over a corporation where there was jurisdiction by agreement over the individual, the corporate veil may be pierced to treat two entities as the same where one is the alter ego of the other.

Appeal by defendants from order entered 4 October 2004 by Judge Timothy S. Kincaid in Superior Court in Mecklenburg County. Heard in the Court of Appeals 15 September 2005.

*Hamilton Gaskins Fay & Moon, PLLC, by David G. Redding & Adrienne M. Huffman, for plaintiff-appellee.*

*Thomas C. Ruff, Jr. and Associates, by Thomas C. Ruff, Jr., and Davidson Law Firm, Ltd., by Matthew D. Wells, for defendant-appellants.*

HUDSON, Judge.

Plaintiff filed suit against defendants in 2004 for claims arising from a contract between the parties. Defendants filed motions to dismiss for lack of personal and subject matter jurisdiction. On 4 October 2004, the trial court denied defendants' motions to dismiss. Defendants appeal.

Plaintiff, Strategic Outsourcing Inc. ("SOI"), is a corporation organized and existing under Delaware law, with its principal place of business in North Carolina. SOI provides employment-related services, such as payroll, to other businesses. Defendant Arkansas Travel Senters, Inc. (ATS), is an Arkansas corporation with its principal place of business in Arkansas. Defendant Stacks, an Arkansas resident, is president of ATS, and also of defendant Homebank, an Arkansas banking corporation, with its principal place of business in

Arkansas. On 12 July 2001, SOI and ATS entered into a service agreement whereby SOI agreed, in pertinent part, to issue payroll for ATS. Stacks signed the contract as president of ATS and as guarantor. On 25 November 2003, Stacks sent a letter to SOI terminating the contract, effective 31 December 2003. Before the termination, in December of 2003, ATS sent SOI a cashier's check drawn on Homebank in the amount of $29,136.00, allegedly for a final payroll to be issued by SOI. Thereafter, SOI allegedly forwarded the final payroll checks to ATS, which distributed them to ATS employees, who cashed them. Plaintiff alleges that it then presented the cashier's check to Homebank, but Homebank refused to pay it. In March 2004, plaintiff sued for breach of contract, *quantum meruit*, refusal to pay the cashier's check, disregard of corporate entity, conversion, fraud and punitive damages, and unfair trade practice.

Defendants argue that the trial court erred in denying its motions to dismiss, as there was no personal jurisdiction over Stacks or Homebank. We disagree.

[1] Although the denial of a motion to dismiss is generally interlocutory and not immediately appealable, a party has the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person. N.C. Gen. Stat. § 1-277(b) (2004). On appeal, we review an order determining personal jurisdiction to ascertain whether the trial court's findings of fact are supported by competent evidence; if so, we must affirm the trial court. *Cooper v. Shealy*, 140 N.C. App. 729, 732, 537 S.E.2d 854, 856 (2000). "Either party may request that the trial court make findings regarding personal jurisdiction, but in the absence of such request, findings are not required." *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615, 532 S.E.2d 215, 217, *disc. review denied*, 353 N.C. 261, 546 S.E.2d 90 (2000). "Where no findings are made, proper findings are presumed, and our role on appeal is to review the record for competent evidence to support these presumed findings." *Id.*, 138 N.C. App. at 615, 532 S.E.2d at 217-18.

> Upon a defendant's personal jurisdiction challenge, the plaintiff has the burden of proving prima facie that a statutory basis for jurisdiction exists. Where unverified allegations in the plaintiff's complaint meet plaintiff's initial burden of proving the existence of jurisdiction and defendant does not contradict plaintiff's allegations in its sworn affidavit, such allegations are accepted as true and deemed controlling.

*Wyatt v. Walt Disney World, Co.*, 151 N.C. App. 158, 162-63, 565 S.E.2d 705, 708 (2002) (internal citations, quotation marks and ellipses omitted). Here, neither party requested any findings of fact and the trial court did not make any enumerated findings of fact, but did state in its order that

> [i]t appearing to the Court from the pleadings, arguments and materials presented by counsel for the parties that the Court has subject matter jurisdiction of this action, that Stacks consented to the personal jurisdiction of the Court, [and] that there are specific allegations of contact between Homebank and the State of North Carolina to support this Court's exercise of personal jurisdiction.

Thus, taking plaintiff's allegations as true, we must determine whether the record and plaintiff's allegations support the trial court's presumed findings supporting its order.

To determine whether our courts have personal jurisdiction, the court must engage in a two-part analysis:

> [t]he trial court first must examine whether the exercise of jurisdiction over the defendant falls within North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4, and then must determine whether the defendant has sufficient minimum contacts with North Carolina such that the exercise of jurisdiction is consistent with the due process clause of the Fourteenth Amendment to the United States Constitution.

*Better Business Forms, Inc. v. Davis*, 120 N.C. App. 498, 500, 462 S.E.2d 832, 833 (1995) (internal citation omitted). Here, as in *Better Business Forms*, defendants do not contest that our long-arm statute confers jurisdiction on North Carolina courts, but claim that they lack sufficient minimum contacts with North Carolina to satisfy due process. "Whether minimum contacts are present is determined not by using a mechanical formula or rule of thumb but by ascertaining what is fair and reasonable under the circumstances." *Id.* "[T]here must be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* (internal citation omitted).

[2] Regarding defendant Stacks, we need not conduct a minimum contacts analysis, since we conclude, as did the trial court, that Stacks consented to *in personem* jurisdiction in North Carolina.

Paragraph 8 (entitled "Guarantee") of the contract between SOI and ATS, which was signed by Stacks, provides that "[t]he individual signing this Agreement on behalf of Client (Guarantor) . . . personally guarantees all obligations of Client under this Agreement," and allows SOI to "enforce this guarantee by arbitration or suit in North Carolina as provided elsewhere herein and Guarantor consents to personal jurisdiction and venue accordingly." It is well-established that in North Carolina a consent-to-jurisdiction provision "does not violate the Due Process Clause and is valid and enforceable unless it is the product of fraud or unequal bargaining power or unless enforcement of the provision would be unfair or unreasonable." *Retail Investors, Inc. v. Henzlik Inv. Co.*, 113 N.C. App. 549, 552, 439 S.E.2d 196, 198 (1994) (internal citation omitted).

**[3]** Stacks does not allege that the guarantee provision is unenforceable or invalid, but rather, asserts that he only consented to arbitration, but not litigation, in North Carolina. He contends that the following paragraph of the contract limited resolution of any dispute between the parties to arbitration:

> All disputes arising in connection with this Agreement will be submitted solely to arbitration in Charlotte, North Carolina under the commercial arbitration rules of the American Arbitration Association . . . However, SOI may at its option, commence a civil action in the state or federal courts sitting for Charlotte, North Carolina to obtain equitable relief . . . or to enforce a monetary obligation and the parties consent to such jurisdiction and venue.

Stacks contends that because this provision required ATS and Stacks to arbitrate, but allowed SOI the option of litigation, that it is ambiguous and must be construed against the drafting party: SOI. However, Stacks cites no law in support of his argument that the provision is ambiguous and we conclude that the plain language of the provision clearly gave SOI the option of litigation. Stacks also contends that a provision allowing one party to exempt its claims from arbitration would be unreasonable and unconscionable for want of mutuality. Again, Stacks cites no law in support of his position. We conclude that this argument lacks merit, and accordingly, we conclude that the trial court did not err in failing to dismiss SOI's claims against Stacks for lack of personal jurisdiction.

**[4]** Defendants next argue that North Carolina courts do not have personal jurisdiction over Homebank. Homebank contends that it

lacks sufficient minimum contacts with North Carolina, as the only action allegedly taken by Homebank was that it dishonored a cashier's check in Arkansas, Homebank conducts no operations in North Carolina, and Homebank does not have any agents in North Carolina. However, plaintiff does not allege that Homebank had such contacts, but rather, asserts jurisdiction based on disregard of the corporate entity, or veil-piercing. Plaintiff contends that because Stacks manipulated Homebank's corporate form for his own benefit and for the benefit of ATS, the corporate form should be disregarded and because the court has jurisdiction over Stacks, it would thus have jurisdiction over Homebank.

In its complaint, SOI alleged, in pertinent part, that: Homebank wrongfully refused to pay the cashier's check (citing N.C. Gen. Stat. § 25-3-411 (2003), U.C.C. section governing refusal to pay cashier's. checks); that Stacks is the officer of Homebank and ATS; that Stacks "controlled ATS' conduct with respect to ATS' obligations under the Agreements [with SOI] such that ATS had no separate will or existence of its own; that Stacks "controlled Homebank's conduct with respect to Homebank's wrongful refusal to honor the cashier's check such that Homebank had no separate will or existence of its own"; that Homebank's actions, including but not limited to its failure to pay the cashier's check, were directed by Stacks; and that SOI is entitled to have Homebank's corporate identity disregarded. Although Homebank submitted an affidavit by Stacks with its motion to dismiss, the Stacks affidavit does not contradict, or even address, SOI's allegations regarding Homebank being under the control of Stacks such that it had no will of its own. As Homebank "[did] not contradict plaintiff's allegations in its sworn affidavit, such allegations are accepted as true and deemed controlling." *Bruggeman*, 138 N.C. App. at 615, 532 S.E.2d at 218 (internal citation and quotation marks omitted).

Homebank argues that we must apply Arkansas law on corporate veil-piercing, as Homebank is an Arkansas corporation. Homebank cites no law in support of this assertion. Although a federal court opined that "if the North Carolina Supreme Court were faced with a choice of law question for piercing the corporate veil, it would adopt the internal affairs doctrine and apply the law of the state of incorporation," *Dassault Falcon Jet Corp. v. Oberflex, Inc.*, 909 F. Supp. 345, 349 (M.D.N.C. 1995), North Carolina courts have not ruled definitively. *See Copley Triangle Associates v. Apparel America, Inc.*, 96 N.C. App. 263, 385 S.E.2d 201 (1989) (court applied North Carolina

law to pierce corporate veil of Florida corporation doing business in North Carolina to achieve personal jurisdiction, but did not discuss choice of law issue, nor explain why it used North Carolina law). We conclude that this unresolved choice-of-law issue, while important, need not be decided here, as it has not been adequately briefed by the parties and does not affect the outcome of this case. Although there are differences in Arkansas and North Carolina law on veil-piercing, we conclude that plaintiff's allegations are sufficient to confer jurisdiction over Homebank under the law of either state.

In North Carolina, the corporate veil may be pierced to "prevent fraud or to achieve equity." *Glenn v. Wagner*, 313 N.C. 450, 454, 329 S.E.2d 326, 330 (1985). Our Courts follow the instrumentality rule, which requires the following three elements for disregard of the corporate entity:

(1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time *no separate mind, will or existence of its own*; and

(2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights; and

(3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Id.* at 455, 329 S.E.2d at 330 (emphasis added). Similarly, Arkansas courts allow corporate veil-piercing where "the privilege of transacting business in a corporate form has been illegally abused to the injury of a third person," *Fausset Co. v. Rand*, 619 S.W.2d 683, 686 (Ark. App. 1981), and "where it is necessary to prevent wrongdoing and where the subsidiary is a mere tool of the parent." *Winchel v. Craig*, 934 S.W.2d 946, 950 (Ark. App. 1996). Here, plaintiff's uncontroverted allegations in its complaint included that plaintiff has a claim against Homebank, pursuant to N.C. Gen. Stat. § 25-3-411, for wrongfully refusing to pay the cashier's check, that "Stacks controlled Homebank's conduct with respect to Homebank's wrongful refusal to honor the Cashier's Check such that Homebank had no separate will or existence of its own," and that "Homebank's actions, including but not limited to its failure to pay the Cashier's Check,

were directed by Stacks in violation of SOI's rights." We conclude that these allegations establish a *prima facie* case for veil-piercing under *Glenn* or under the applicable Arkansas caselaw.

Homebank contends that plaintiffs cannot gain jurisdiction over Homebank by veil-piercing "in reverse," to make Homebank liable for Stacks' actions (rather than piercing the veil to make Stacks personally liable for Homebank's obligations). Generally, under the "alter ego" or "instrumentality" theory, "a corporate entity may be disregarded where there is such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist." 18 Am. Jur. 2d Corporations § 45. We conclude that here, where one entity is the alter-ego, or mere instrumentality, of another entity, shareholder, or officer, the corporate veil may be pierced to treat the two entities as one and the same, so that one cannot hide behind the other to avoid liability. *See Int'l Controls Corp. v. Vesco*, 490 F.2d 1334, 1350 (2d Cir. 1974).

In the final argument in their brief, defendants Stacks and ATS argue that the trial court erred in refusing to stay the case and order arbitration of the claims against them. However, defendants only assigned error to the trial court's denial of their motion to dismiss plaintiff's claims for lack of subject matter jurisdiction. Regardless of how defendants state this alleged error, we conclude that this argument lacks merit. Again without citing any authority, defendants suggest that the contractual provision regarding arbitration and litigation was ambiguous and unreasonable, and that the contract thus requires all claims to be arbitrated. For the reasons discussed earlier with regard to this provision, we overrule these assignments of error.

Affirmed.

Judges ELMORE and LEWIS concur.