**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-2273**

———————

SENIOR MANAGEMENT, INCORPORATED; PARKER
MANUFACTURING, INCORPORATED; PARKER
ENTERPRISES, INCORPORATED,

                                        Plaintiffs - Appellees,

        versus

MICHAEL CAPPS; G. GEOFFREY CRAMER,

                                        Defendants - Appellants,

        and

ARNETT GROUP, L.L.C.; CORNELL FUNDING
SYNDICATE, L.L.C.; JOHN H. BELCH; MONEYQUEST,
L.L.C.; INTERNATIONAL FINANCES, LTD; JERRY
ZEDNER; WILLIAM KOERNER; CAPITAL INVESTMENT
AGENCY; DAVID E. DAWKINS,

                                        Defendants.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle,
District Judge.  (5:04-cv-00651-BO)

———————

Submitted:  April 20, 2007            Decided:  June 19, 2007

———————

Before NIEMEYER and WILLIAMS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.

Michael Capps, G. Geoffrey Cramer, Appellants Pro Se.  Donald G. Hunt, Jr., Jamie L. Vavonese, Amie C. Sivon, AKINS, HUNT & FEARON, P.C., Fuquay-Varina, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Senior Management, Inc., Parker Manufacturing, Inc., and Parker Enterprises, Inc. ("Plaintiffs") brought this action against Moneyquest, L.L.C., and two of its partners, Michael Capps and Geoff Cramer ("Appellants"), as well as other individuals and organizations ("Defendants"), alleging Appellants and Defendants stole hundreds of thousands of dollars from them and deprived them of millions of dollars in lost business opportunities through an advanced fee scheme. Appellants moved to have the claims against them dismissed or, in the alternative, compelled to arbitration. The district court denied Appellants' motion, and Appellants timely appealed, challenging only the district court's denial of their motion to compel arbitration. Because we conclude the district court erred in denying Appellants' motion to compel, we vacate that portion of the district court's order and remand for further proceedings.

Plaintiffs entered into agreements with Appellants whereby Appellants agreed to obtain large commercial loans for Plaintiffs in return for Plaintiffs' payment of costs associated with procuring the loans. The agreements entered into between Plaintiffs and Appellants were for a limited duration, one agreement for 120 days, and the other for ninety days. Additionally, both agreements contained an arbitration provision which provided that "[a]t the option of [Appellants], any dispute

- 3 -

arising out of this agreement may be referred for Arbitration in accordance with the rules of [sic] American Arbitration Association at their office in Charlotte, North Carolina."

In accordance with the agreements, Appellants introduced Plaintiffs to one of the Defendants who claimed he could obtain loans for Plaintiffs, and Plaintiffs paid him an advance fee for the loans. Plaintiffs never obtained the loans, and their advance fees were never returned. Plaintiffs' claims against Appellants and Defendants include securities fraud, common law fraud, unfair and deceptive trade practices, breach of fiduciary relationship, and negligent misrepresentation.

This court may exercise jurisdiction only over final orders under 28 U.S.C. § 1291 (2000), and certain interlocutory and collateral orders under 28 U.S.C. § 1292 (2000). See also Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546-47 (1949). The Federal Arbitration Act ("FAA"), however, expressly permits an immediate appellate challenge to a district court's denial of a motion to compel arbitration. See 9 U.S.C. § 16(a)(1)(B) (2000); Am. Cas. Co. v. L-J, Inc., 35 F.3d 133, 135 (4th Cir. 1994); see also Kansas Gas & Elec. Co. v. Westinghouse Elec. Corp., 861 F.2d 420, 422 (4th Cir. 1988) (finding district court order denying motion to compel arbitration an appealable interlocutory order under 28 U.S.C. § 1292(a)(1)). This court reviews the district court's denial of a motion to compel

arbitration de novo.  See Johnson v. Circuit City Stores, 148 F.3d 373, 377 (4th Cir. 1998).


I.  Existence of Valid Agreement to Arbitrate

The district court denied Appellants' motion to compel arbitration because it determined that, since the arbitration provision left the decision whether to arbitrate entirely to Appellants' discretion, the provision was "illusory and unenforceable."  We conclude the district court erred because North Carolina law does not require mutuality of obligation in arbitration agreements.

Under the FAA, a party may compel arbitration if it can demonstrate:  "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate commerce, and (4) the failure, neglect or refusal of the [other party] to arbitrate the dispute."  Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 2002).

The issue of whether an arbitration agreement exists between the parties, however, is a question of state contract law. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); see also Hill v. Peoplesoft USA, Inc., 412 F.3d 540, 543 (4th Cir. 2005) (holding that although federal law governs the

arbitrability of disputes, ordinary state-law principles resolve issues regarding the formation of contracts).  Thus, state law determines questions "concerning the validity, revocability, or enforceability of contracts generally." Perry v. Thomas, 482 U.S. 483, 492 n.9 (1987).

North Carolina law provides that so long as the contract as a whole is supported by adequate consideration, there is no requirement that an arbitration provision in the contract place an obligation to arbitrate on all parties to the contract.  See Tillman v. Commercial Credit Loans, Inc., 629 S.E.2d 865, 874-75 (N.C. Ct. App. 2006) ("Under North Carolina law, 'mutuality' merely requires consideration on each side of a contract.  Mutuality does not require that each of the contract terms must apply equally to both parties to be enforceable."); see also Strategic Outsourcing, Inc. v. Stacks, 625 S.E.2d 800, 803 (N.C. Ct. App. 2006) (holding that provision allowing one party to exempt its claims from arbitration is not unreasonable and unconscionable for want of mutuality).

Despite the foregoing, Plaintiffs claim that because they were fraudulently induced into entering the agreements, this court should separately view the arbitration provision to determine if that provision is supported by consideration.  They cite Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967), to support this assertion.  Plaintiffs' argument is meritless.

- 6 -

In Prima Paint, the Supreme Court held that when considering whether an issue of fraud should be determined by an arbitrator or the district court, the district court must determine whether the claim is "fraud in the inducement of the entire contract" or fraud in the inducement to enter the arbitration provision. If the plaintiff asserts fraud in the inducement of the contract as a whole, the district court must defer the matter to an arbitrator to determine the validity of the claim. If the plaintiff asserts fraud in the inducement to enter the arbitration provision, the district court may adjudicate the claim. Id. at 403-04.

Plaintiffs' assertions to the contrary, Prima Paint does not stand for the proposition that the district court may look to an arbitration provision in isolation to determine if that provision is independently supported by consideration. See Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996) (holding that federal courts must not "singl[e] out arbitration provisions for suspect status" but should evaluate arbitration agreements with the same standards as other contracts); Tillman, 629 S.E.2d at 874 ("[A] single consideration may support several promises; it is not necessary that each promise have a separate consideration. Hence, a covenant which imposes obligations upon one party only may be enforceable if it is part of an entire contract which is supported by a sufficient consideration.").

- 7 -

Because Appellants agreed to secure commercial loans in exchange for non-refundable processing fees, the agreements as a whole were supported by adequate consideration. Accordingly, we conclude the district court erred in holding the arbitration provisions were invalid.

Prima Paint is instructive of the outcome of this appeal, however. Because Plaintiffs assert they were fraudulently induced by Appellants to enter the agreements, but do not specifically assert they were fraudulently induced to enter into the arbitration provisions contained therein, the district court lacks authority to determine the validity of Plaintiffs' claims against Appellants. Rather, the district court must defer Plaintiffs' claims against Appellants to arbitration. See Prima Paint, 388 U.S. at 403-04.

## II. Claims Covered By Arbitration Provision

Plaintiffs argue on appeal that even if the district court erred in denying Appellants' motion to compel, only Plaintiffs' claims that accrued prior to the expiration of the agreements may be deferred to arbitration. Because the district court denied the motion to compel arbitration, it had no occasion to rule on this issue.

In determining which claims are subject to arbitration, a district court must consider whether an intent exists to defer all or certain claims to arbitration regardless of whether the

claims accrued before or after the contract's termination date. See <u>Virginia Carolina Tools, Inc. v. Int'l Tool Supply, Inc.</u>, 984 F.2d 113, 118-19 (4th Cir. 1993). This determination may well require an evaluation of when the plaintiff's claims accrued, when the contract terminated, and the intent of the parties, as evidenced by the contractual language. These are issues best left to plenary consideration by the district court on remand.

For the foregoing reasons, we vacate the district court's order denying Appellants' motion to compel arbitration, and remand the matter to the district court for a determination of which claims, if any, should be deferred to arbitration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>