An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1229
NORTH CAROLINA COURT OF APPEALS

Filed: 3 June 2014

SHELLY A. HOPKINS,
    Plaintiff

v.                                        Forsyth County
                                          No. 12 CVD 8177

ZELLA HOPKINS
    Defendant.

Appeal by Plaintiff from order entered 12 June 2013 by Judge Lawrence J. Fine in Forsyth County District Court. Heard in the Court of Appeals 5 March 2014.

> *Bailey & Ryan, PLLC, by Nora Ryan and Earnest Bailey, for Plaintiff-appellant.*
>
> *Stacey D. Rubain, for Defendant-appellee.*

DILLON, Judge.

Shelly A. Hopkins ("Plaintiff") appeals from the trial court's order dismissing his complaint for divorce from bed and board, post-separation support, alimony, equitable distribution, and attorney's fees against his wife, Zella Hopkins ("Defendant") for lack of personal jurisdiction pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(2). For the following reasons, we

reverse the trial court's order and remand for further proceedings.

## I. Background

The findings of fact which are not challenged by Plaintiff tend to show as follows: In 1954, Plaintiff and Defendant were married in Forsyth County, North Carolina. In 1966, they moved to California where Defendant obtained employment as a public school teacher. The parties separated in 2011, and Plaintiff moved to North Carolina in 2012. Defendant, however, has remained a citizen and resident of California.

During her tenure as a California public school teacher, Defendant returned to North Carolina during each of her summer breaks to visit with relatives, normally staying all summer. After retirement, Defendant spent even more time in North Carolina, staying approximately six months in 2012.

Since 1986, Defendant has owned a house in Winston-Salem, which was deeded to her and her father by her grandmother. She has been the sole owner of this house since 1995. Defendant has attempted to rent the property, including one occasion which ended when Defendant filed a summary ejectment action against a tenant. The house has been vacant for the past ten years. Plaintiff also has been deeded an ownership interest in two

other North Carolina properties since her move to California; however, she no longer retains an ownership interest in these two properties.

Defendant currently receives a pension from the State of California in the amount of $5,000 per month, while Plaintiff's sole source of income is Social Security in the amount of $1,000 per month. Plaintiff is in poor health, suffers from dementia, and is legally blind.

On 12 December 2012, Plaintiff filed this action against Defendant for divorce from bed and board, post-separation support, alimony, equitable distribution, divorce, and attorney's fees. On 18 January 2013, Defendant filed a motion to dismiss all the claims, except for Plaintiff's claim for divorce, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(2), contending that North Carolina did not have personal jurisdiction over her. On 16 May 2013, Plaintiff filed a memorandum in opposition to Defendant's motion, with supporting documentation and three affidavits.

On 12 June 2013, the trial court entered an order, including findings of fact and conclusions of law, granting Defendant's motion to dismiss for lack of personal jurisdiction. On 10 July 2013, Plaintiff voluntarily dismissed his sole

remaining claim - that being his divorce claim – and filed his notice of appeal from the trial court's order dismissing his other claims.

## II.  Standard of Review

"The standard of review of an order determining personal jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record[.]" *Bell v. Mozley*, 216 N.C. App. 540, 543, 716 S.E.2d 868, 871 (2011) (quotation omitted).  Findings which are not challenged on appeal are "presumed to be supported by competent evidence and [are] binding on appeal." *Id.*  "We review *de novo* the issue of whether the trial court's findings of fact support its conclusion of law that the court has personal jurisdiction over defendant." *Id.*

## III. Argument

On appeal, Plaintiff challenges five of the trial court's findings and puts forth a number of arguments to support his contention that the trial court erred by concluding it lacked personal jurisdiction over Defendant.  We believe that the unchallenged findings by the trial court and the uncontradicted evidence supports the conclusion that North Carolina *does* have general jurisdiction over Defendant; and, accordingly, we

reverse the order of the trial court dismissing Plaintiff's claims[1].

We have held that when the exercise of personal jurisdiction is challenged by a non-resident defendant, "the trial court must undertake a two-pronged inquiry. First, the court must determine whether the controversy falls within the language of the relevant long-arm statute. Second, the exercise of jurisdiction must not violate the due process clause of the Fourteenth Amendment to the United States Constitution." *Shaner v. Shaner*, ___ N.C. App.___, ___, 717 S.E.2d 66, 68 (2011) (citations omitted). Here, Plaintiff makes no argument regarding the application of the long-arm statute. Accordingly, we will only address the trial court's conclusions as to due

---

[1] We note that finding of fact 20 suggests that the trial court had concluded that North Carolina does have general jurisdiction. Specifically, that finding states that "[u]nder North Carolina's long-arm statute . . . , North Carolina has general jurisdiction over the Defendant based upon her aforementioned contacts with North Carolina." Based on the context, it appears that the trial court was merely stating that our long-arm statute provided for jurisdiction rather than that due process requirements had been met. Indeed, the trial court ultimately concluded the opposite. In any event, this statement is not important in our resolution of this appeal since we review *de novo* whether the findings support a conclusion regarding personal jurisdiction. *See Bell*, 216 N.C. App. at 540, 716 S.E.2d at 871.

process.  *See Dailey v. Popma*, 191 N.C. App. 64, 69, 662 S.E.2d 12, 16 (2008).

To satisfy the due process requirement for a court to exercise personal jurisdiction over a non-resident defendant, there must exist "certain minimum contacts between the non-resident defendant and the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945).  Our Supreme Court has stated that "[i]n each case, there must be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws; the unilateral activity within the forum state of others who claim some relationship with a nonresident defendant will not suffice."  *Tom Togs, Inc. v. Ben Elias Indus. Corp.*, 318 N.C. 361, 365, 348 S.E.2d 782, 786 (1986).

There are two types of personal jurisdiction, general jurisdiction and specific jurisdiction.  "General jurisdiction exists when the defendant's contacts with the state are not related to the cause of action but the defendant's activities in the forum are sufficiently 'continuous and systematic.'

Specific jurisdiction exists when the cause of action arises from or is related to defendant's contacts with the forum." *Skinner v. Preferred Credit*, 361 N.C. 114, 122, 638 S.E.2d 203, 210 (2006) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-16, 80 L. Ed. 2d 404, 410-13 (1984)).

In order for a court to assert *general* jurisdiction, we have stated that there must be "substantial" forum-related minimum contacts on the part of the defendant. *Fraser v. Littlejohn*, 96 N.C. App. 377, 383, 386 S.E.2d 230, 234 (1989) (citing *Helicopteros Nacionales de Colombia*, 466 U.S. at 414, 80 L. Ed. 2d at 411).

In determining whether substantial forum-related minimum contacts exist, we examine the following factors: "(1) quantity of the contacts, (2) nature and quality of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest of the forum state, and (5) convenience to the parties." *Inspirational Network, Inc. v. Combs,* 131 N.C. App. 231, 240, 506 S.E.2d 754, 761 (1998) (citation omitted).

With respect to the first factor, we believe that the quantity of Defendant's contacts with North Carolina have been substantial. She was a native of North Carolina; she married Plaintiff in 1954 in North Carolina; she resided with Plaintiff

for twelve years and had three children in North Carolina; and she has visited North Carolina every year since her move to California in 1966.

With respect to the second factor, we believe that the nature and quality of Defendant's contacts with North Carolina have been substantial. Specifically, not only has Defendant frequently visited North Carolina, but also these stays have generally been for extended periods of time. Additionally, uncontradicted evidence shows that Defendant filed a summary ejectment action[2] in a North Carolina court to evict a tenant from the house she owns in Forsyth County. *See Strother v. Strother*, 120 N.C. App. 393, 397, 462 S.E.2d 542, 545 (1995) (holding that due process was satisfied when the defendant filed a lawsuit in North Carolina as "it may be said [he has] invoked the benefits and protections of the law of the forum" (citation omitted)). Further, the trial court found that Defendant was a defendant in another North Carolina action, where Defendant did not seek a dismissal based on a lack of personal jurisdiction, but rather submitted herself to the jurisdiction of the North Carolina courts.

---

[2] The trial court found that the person managing the property for Defendant filed the summary ejectment action. It may be that the property manager filed the paperwork, but the filing shows that Defendant was the named plaintiff in the action.

As to the third factor, regarding the connection of this action to the contacts, we recognize that a majority of the marriage, including much of the past fifty years, occurred in California. However, we note that the parties were married in North Carolina and resided as a married couple here for twelve years. We note that the unchallenged evidence in the affidavits included by Plaintiff in the record on appeal show that witnesses in North Carolina observed Defendant's frequent visits to North Carolina every summer and Plaintiff's frail condition once he was dropped off in North Carolina by Defendant in 2012, supporting Plaintiff's claims for constructive abandonment. Unchallenged evidence in the affidavits also state that witnesses in North Carolina knew details surrounding possible infidelity by Defendant in North Carolina at the beginning of the parties' marriage, supporting Plaintiff's claims of marital misconduct in his complaint. *See Robinson v. Robinson*, 56 N.C. App. 737, 739, 289 S.E.2d 612, 614 (1982) (stating that there were sufficient minimum contacts where "defendant was married in North Carolina. He and plaintiff resided as husband and wife in North Carolina. Defendant's alleged abandonment of plaintiff was an act occurring within the State.").

As to the fourth factor, we believe that North Carolina has an interest in this matter. Specifically, the parties were married here; and Plaintiff is a resident of North Carolina. North Carolina has an interest in protecting the rights of its citizens and the institution of marriage. *See Cooper v. Shealy*, 140 N.C. App. 729, 735, 537 S.E.2d 854, 858 (2000) (stating that "North Carolina's legislature and courts have repeatedly demonstrated the importance of protecting marriage.")[3]

---

[3] Defendant argues that Plaintiff is engaged in "forum shopping" by filing this action in North Carolina by recently moving here after spending 46 years of the marriage in California. In the context of a personal jurisdiction determination, prior cases have found "forum shopping" when there was an insignificant nexus between the claims in the plaintiff's complaint and the forum state, and/or the plaintiff's claims had been abolished by the resident states of the parties or in the state where the relevant allegations occurred. *See Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 679, 231 S.E.2d 629, 632 (1977) (finding "no hint of forum shopping" in the plaintiff's decision to file his breach of contract claim in North Carolina, as he was a resident of North Carolina and the defendant, a New York corporation, had solicited orders from residents of North Carolina on a regular basis for twenty-one months); *Bell*, 216 N.C. at 547-48, 716 S.E.2d at 873-74 (concluding that the plaintiff's decision to sue for alienation of affection and criminal conversation in North Carolina "smack[ed] of forum shopping" because those torts had been abolished in South Carolina, the parties' state of residence, and little if any of the conduct occurred in North Carolina, and the relevant witnesses were located in South Carolina); *Eluhu v. Rosenhaus*, 159 N.C. App. 355, 361, 583 S.E.2d 707, 712 (2003) (concluding that the plaintiff's decision to sue for alienation of affection in North Carolina "smack[ed] of forum shopping" because that tort had been abolished in Tennessee and California, the parties' resident states, and

As to the fifth factor, the convenience of the parties, *see Inspirational Network, Inc.*, 131 N.C. App. at 240, 506 S.E.2d at 761, the unchallenged findings and evidence in the record, show that Plaintiff resides in North Carolina and Defendant resides in California.  In *Brown v. Ellis*, this Court stated that "it is true that the travel burden on defendant, a California resident, would be much greater than that imposed on a resident of Georgia or South Carolina.  However, we must consider all of the factors regarding minimum contacts, not just convenience of the parties."  206 N.C. App. 93, 100-01, 696 S.E.2d 813, 819 (2010), *appeal dismissed and disc. review denied*, 365 N.C. 209, 709 S.E.2d 928 (2011).  In examining this factor, the *Brown* Court stated that "[t]he only factor to weigh in defendants' favor is

---

there was "little, if any at all, connection between defendant's contacts with North Carolina and plaintiff's cause of action"), *affirmed per curiam*, 358 N.C. 372, 595 S.E.2d 146 (2004).  Here, Defendant's current state of residence, California, generally recognizes claims similar as Plaintiff raises in his complaint. *See* Cal. Fam. Code §§ 2310-2313 (West 2012) (Grounds for Dissolution or Legal Separation); Cal. Fam. Code §§ 4320-4339 (West 2012) (Spousal Support upon Dissolution or Legal Separation); and Cal. Fam. Code §§ 2500-2660 (West 2012) (Division of Property).  Defendant fails to explain in her brief any advantage to Plaintiff inherent to his claims being litigated in North Carolina rather than California.  Also, as determined above, there is sufficient nexus between North Carolina and Plaintiff's claims.  Therefore, we see no "forum shopping" in Plaintiff filing his claims in North Carolina in 2012.

the inconvenience of attending to litigation in North Carolina, but plaintiff has alleged that evidence regarding his claims is located in North Carolina." *Id.* at 101, 696 S.E.2d at 819. Likewise, here, the only factor weighing in Defendant's favor is the travel burden from California to North Carolina. But, as determined above, Plaintiff's complaint makes a sufficient nexus with North Carolina, as evidence and witnesses supporting his claims are in North Carolina. We also recognize that many of the witnesses and facts surrounding the marriage may also be in California. But it has been established that the interest in the forum and the convenience to the parties are "secondary" factors to consider in making a minimum contacts determination. *B.F. Goodrich Co. v. Tire King of Greensboro, Inc.*, 80 N.C. App. 129, 132, 341 S.E.2d 65, 67 (1986) (citation omitted).

Defendant argues that we should apply *Eluhu v. Rosenhaus* to the case *sub judice*. The *Eluhu* Court stated that "a finding of continuous and systematic contacts does not automatically authorize the exercise of general personal jurisdiction over a defendant" if the exercise of personal jurisdiction violates the defendant's due process rights "based on inconvenience to the defendant and/or a lack of interest of the forum state in the litigation." 159 N.C. App. 355, 361, 583 S.E.2d 707, 712

(2003), *affirmed per curiam*, 358 N.C. 372, 595 S.E.2d 146 (2004). In *Eluhu*, the Court found that Defendant's contacts in North Carolina were "continuous and systematic" but did not find general jurisdiction. *Id.* at 361-62, 583 S.E.2d at 712. After stating that North Carolina had an interest in protecting the institution of marriage, the Court found that the forum's interest in this action was low given the insufficient nexus between the action and the forum because neither party was a resident of North Carolina; the plaintiff's allegations involving actions by the defendant in North Carolina were rebutted by the defendant's affidavits; and the plaintiff did not allege the existence of witnesses or evidence within North Carolina necessary to his case. *Id.* at 362, 583 S.E.2d at 712. The Court in affirming the denial of personal jurisdiction over the defendant noted that without an interest on the part of North Carolina in adjudicating this dispute, the inconvenience to the non-resident defendant was not "mitigated." *Id.* The Court in *Eluhu* ultimately decided not to exercise personal jurisdiction over the defendant because there was an insufficient nexus between North Carolina and the action for alienation of affection to overcome the travel burden to the defendant. *See id.*

In the present case, like the defendant in *Eluhu*, there is some travel burden on Defendant. However, Plaintiff is a resident of North Carolina and, as stated above, this State would have an interest in the institution of marriage and in protecting the rights of its residents. Further, unlike *Eluhu*, there is a sufficient nexus between Plaintiff's claims and the forum state. Accordingly, we find *Eluhu* to be distinguishable from the present case.

Therefore, after balancing the relevant factors and considering the fundamental fairness and circumstances of the case, *see Banc of Am. Secs. LLC v. Evergreen Int'l Aviation, Inc.* 169 N.C. App. 690, 693, 611 S.E.2d 179, 182 (2005), we hold that the unchallenged findings of fact and the unchallenged evidence in the record do not support the trial court's conclusion that Defendant did not have sufficient minimum contacts with North Carolina to establish personal jurisdiction over Defendant based on general jurisdiction. As we find the issue of personal jurisdiction based on general jurisdiction dispositive, we need not address Plaintiff's other arguments.

Accordingly, we reverse the trial court's conclusion that it did not have personal jurisdiction over Defendant based on general jurisdiction and remand for further proceedings.

REVERSED AND REMANDED.

Judge BRYANT and Judge STEPHENS concur.

Report per Rule 30(e).