IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-454

No. COA22-32

Filed 5 July 2022

Guilford County, No. 20 CVS 7312

ITG BRANDS, LLC, Plaintiff,

v.

FUNDERS LINK, LLC and WORLD GLOBAL CAPITAL, LLC, Defendants.

FUNDERS LINK, LLC,

v.

ZOOM INSIGHTS INC. and TIMOTHY MATTHEWS, Third Party Defendants.

Appeal by defendant from order entered 1 June 2021 by Judge William A. Wood in Guilford County Superior Court. Heard in the Court of Appeals 8 June 2022.

*Brooks, Pierce, McLendon, Humphrey & Leonard, LLP by Clint S. Morse and James M. Lowdermilk for plaintiff-appellee.*

*Smith, Debnam, Narron, Drake, Saintsing & Myers, LLP by Byron L. Saintsing and Joseph Alan Davies for defendant-appellant.*

TYSON, Judge.

¶ 1    Funders Link, LLC ("Funders Link") appeals from order entered denying their motion to dismiss for lack of personal jurisdiction. We affirm.

## I.    Background

¶ 2    ITG Brands, LLC ("Plaintiff") is a limited liability company chartered in Texas,

with a principal place of business situate in North Carolina. Plaintiff manufactures tobacco products.

¶ 3        Funders Link is a limited liability company chartered in and with a principal place of business situate in Florida. World Global Capital, LLC is a limited liability company chartered in and with a principal place of business situate in New York. Both Funders Link and World Global are finance companies.

¶ 4        In 2018, Plaintiff entered into a contract with Zoom Insights, Inc. ("Zoom") for it to provide marketing services. The contracts were negotiated and entered into in North Carolina. Zoom was both chartered and headquartered in North Carolina. ITG prepaid approximately $4 million to Zoom as consideration for the contracts. Zoom failed to perform the marketing services for Plaintiff as contracted and collapsed in July 2019. Plaintiff sued Zoom on 16 August 2019 to recover damages for breach of contract and obtained a judgment for $3.3 million.

¶ 5        During the litigation, Plaintiff gained access to Zoom's bank records, which showed financial distress. Zoom was heavily leveraged and resorted to merchant cash advances to meet its ongoing finance requirements. After servicing debt, Zoom's cash flow was virtually non-existent.

¶ 6        In August 2018, Zoom entered into a financing agreement with Kabbage, Inc. to provide funding to Zoom in exchange for its pledge and a security interest in Zoom's accounts receivable. Also during August 2018, World Global entered into an

agreement to provide cash advances to Zoom. Zoom assigned its receipts to World Global. Between August 2018 and May 2019, World Global provided $547,000.00 in loans to Zoom. Zoom paid World Global approximately $957,000.00.

¶ 7 In December 2018, Funders Link entered into an agreement with Zoom to provide cash advances. As a part of the agreement, Zoom also assigned its receipts to Funders Link. HOP Capital, an entity alleged to be owned by Funders Link, filed a UCC-1 financing statement in North Carolina to perfect its security interest in Zoom's collateral and loaned $1,715,000.00 to Zoom.

¶ 8 Zoom agreed to pay "10% of daily deposits equal to $17,000 a day until fully paid." Between 19 February 2019 and July 2019, Zoom paid HOP Capital almost $1 million. On 1 August 2019, HOP Capital asserted Zoom still owed it $1.9 million.

¶ 9 Funders Link asserts it does not contract with merchants and only collects payments from merchants. Funderz.net, LLC ("Funderz.net") contracts to purchase Funders Link's accounts receivable. Funderz.net is a limited liability company chartered in New York with principal places of business located in both New York and Florida. Funders Link asserts they are the servicing agent for Funderz.net.

¶ 10 After Plaintiff obtained the $3.3 million judgment against Zoom, it filed a complaint against Defendants on 25 September 2020, for violating North Carolina's Unfair and Deceptive Trade Practices Act and the Uniform Voidable Transactions Act. *See* N.C. Gen. Stat. §§ 39-23.4 *et seq*, 75-1.1 *et seq* (2021). Funders Link filed an

answer, motion to dismiss, affirmative defenses, and a third-party complaint. Following a hearing, the trial court denied Funders Link's motion to dismiss by order entered 1 June 2021. Funders Link appeals.

## II. Jurisdiction

### A. Interlocutory Appeal

¶ 11    Funders Link correctly concedes this appeal is interlocutory, but asserts its substantial rights will be impacted without immediate review. *See* N.C. Gen. Stat. § 7A-27(b)(3)(a) (2021). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990).

¶ 12    Our Supreme Court has held:

> A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.

*Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citations omitted).

¶ 13    "This general prohibition against immediate [interlocutory] appeal exists because [t]here is no more effective way to procrastinate the administration of justice

than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders." *Harris v. Matthews*, 361 N.C. 265, 269, 643 S.E.2d 566, 568 (2007) (citations and internal quotations omitted).

## B. Lack of Personal Jurisdiction.

Our General Statutes recognize a limited right to immediate appeal from an interlocutory order denying a motion to dismiss for lack of personal jurisdiction. *See* N.C. Gen. Stat. § 1-277(b) (2021) ("Any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant[.]").

The denial of a "motion[] to dismiss for lack of personal jurisdiction affect[s] a substantial right and [is] immediately appealable." *A.R. Haire, Inc. v. St. Denis*, 176 N.C. App. 255, 257-58, 625 S.E.2d 894, 898 (2006) (citations omitted). This exception is narrow: "the right of immediate appeal of an adverse ruling as to jurisdiction over the person, under [N.C. Gen. Stat. § 1-277(b)], is limited to rulings on 'minimum contacts' questions, the subject matter of Rule 12(b)(2)." *Love v. Moore*, 305 N.C. 575, 581, 291 S.E.2d 141, 146 (1982).

## III.    Issue

Funders Link argues the trial court erred in denying their motion to dismiss for lack of personal jurisdiction.

## IV.    Rule 12(b)(2) Motion

North Carolina applies a two-step analysis to determine whether a non-resident defendant is subject to personal jurisdiction in North Carolina: "First, jurisdiction must be authorized by our 'long-arm' statute, N.C. Gen. Stat. § 1-75.4. Second, if the long-arm statute permits consideration of the action, exercise of jurisdiction must not violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Cambridge Homes of N.C. Ltd. P'ship v. Hyundai Constr., Inc.*, 194 N.C. App. 407, 411, 670 S.E.2d 290, 295 (2008) (citations and internal quotation marks omitted).

## A. Standard of Review

"The standard of review of an order determining personal jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record[.]" *Bell v. Mozley*, 216 N.C. App. 540, 543, 716 S.E.2d 868, 871 (2011) (citations and quotation marks omitted). "When jurisdiction is challenged, plaintiff has the burden of proving that jurisdiction exists." *Stetser v. TAP Pharm. Prods., Inc.*, 162 N.C. App. 518, 520, 591 S.E.2d 572, 574 (2004) (citation omitted).

"[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 85 L. Ed. 2d 528, 542 (1985) (citation omitted).

"We review *de novo* the issue of whether the trial court's findings of fact

support its conclusion of law that the court has personal jurisdiction over a defendant." *Bell*, 216 N.C. App. at 543, 716 S.E.2d at 871 (citation omitted).

## B. Competent Evidence

¶ 21    Funders Link argues Plaintiff's unverified allegations are not competent evidence and should not have been considered by the trial court.    Funderz.net, Plaintiff and Funders Link submitted dueling affidavits.  The trial court ruled upon the motion based on the affidavits presented by the parties.

¶ 22     "[W]hen a motion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."  N.C. Gen. Stat. § 1A-1, Rule 43(e) (2021).  In this instance, "the trial judge must determine the weight and sufficiency of the evidence [presented in the affidavits as] much as a juror."  *Fungaroli v. Fungaroli,* 51 N.C. App. 363, 367, 276 S.E.2d 521, 524 (1981).

¶ 23    The trial court did not make findings of fact in either the oral rendition or the filed order.  When the record contains no findings of fact, "it is presumed . . . that the court on proper evidence found facts to support its judgment."  *Id.* (citation and internal quotation marks omitted).

¶ 24    After reviewing the affidavits, the trial court decided to accept Plaintiff's contentions, as contained in the affidavits. *See id.*  On appeal, this Court is not "free to revisit questions of credibility or weight that have already been decided by the trial

court." *Banc of Am. Sec. LLC v. Evergreen Int'l Aviation, Inc.*, 169 N.C. App. 690, 695, 611 S.E.2d 179, 183 (2005). Neither party requested the trial court to articulate and enter findings of fact. Funders Link's argument is overruled.

### C. Morse Affirmation

Plaintiff presented an affidavit from Clint S. Morse, Esq. During the pleadings and hearing on Funders Link's motion to dismiss, Funders Link never objected nor moved to strike Morse's affidavit. Rule of Appellate Procedure 10(a)(1) provides: "In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling the party desired the court to make[.]" N.C. R. App. P. 10(a)(1). Funders Link's argument is overruled.

### D. N.C. Gen. Stat. § 1-75.4

N.C. Gen. Stat. § 1-75.4, North Carolina's long-arm statute, provides *inter alia*:

> (3) Local Act or Omission. — In any action claiming injury to person or property or for wrongful death within or without this State arising out of an act or omission within this State by the defendant.
>
> (4) Local Injury; Foreign Act. — In any action for wrongful death occurring within this State or in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury either:
> > a. Solicitation or services activities were carried on within this State by or on behalf of the defendant;

b. Products, materials or thing processed, serviced or manufactured by the defendant were used or consumed, within this State in the ordinary course of trade; or

c. Unsolicited bulk commercial electronic mail was sent into or within this State by the defendant using a computer, computer network, or the computer services of an electronic mail service provider in contravention of the authority granted by or in violation of the policies set by the electronic mail service provider. Transmission of commercial electronic mail from an organization to its members shall not be deemed to be unsolicited bulk commercial electronic mail.

. . .

(6) Local Property. — In any action which arises out of:

a. A promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to create in either party an interest in, or protect, acquire, dispose of, use, rent, own, control or possess by either party real property situated in this State; or

b. A claim to recover for any benefit derived by the defendant through the use, ownership, control or possession by the defendant of tangible property situated within this State either at the time of the first use, ownership, control or possession or at the time the action is commenced; or

c. A claim that the defendant return, restore, or account to the plaintiff for any asset or thing of value which was within this State at the time the defendant acquired possession or control over it;

N.C. Gen. Stat. § 1-75.4 (2021).

Funders Link asserts it is the improper party to be sued in North Carolina. It argues Funderz.net is the proper party with sufficient contacts within North Carolina. Funders Link admits to being the merchant servicer for Funderz.net.

Under our General Statutes, "judgment [under the North Carolina Voidable Transactions Act] may be entered against any of the following: (a) the first transferee of the asset or the person for whose benefit the transfer was made[.]" N.C. Gen. Stat. § 39-23.8(b)(1) (2021). As the admitted servicing arm, Funders Link is the "first transferee" of the disputed funds taken from Zoom's North Carolina bank account and satisfies the North Carolina long-arm statute. *Id.*; *see* N.C. Gen. Stat. § 1-75.4 (2021).

### E. Reasonable Expectation to be Haled into North Carolina

For a forum to exercise specific personal jurisdiction over a non-resident, "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum state and is therefore subject to the State's regulation." *Ford Motor Co. v. Mont. Eighth Judicial Dist Ct.*, __ U.S. __, __, 209 L. Ed. 2d 225, 234 (2021) (slip of at *6) (citation omitted). The Supreme Court of the United States has held the basis of the suit must "arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squib Co. v. Superior Court of Cal.*, 582 U.S. __, __, 198 L. Ed. 2d 395, 403 (2017).

"In determining whether the exercise of personal jurisdiction comports with due process, the crucial inquiry is whether the defendant has 'certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Tejal Vyas, LLC v. Carriage*

*Park, Ltd. P'ship*, 166 N.C. App. 34, 38, 600 S.E.2d 881, 885 (2004) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945)).

¶ 30　　　　This Court has articulated factors to consider whether a defendant's activities are sufficient to establish minimum contacts: "(1) the quality of the contacts; (2) the quality and nature of the contacts; (3) the source and connection of the cause of action to the contracts; (4) the interests of the forum state, and (5) the convenience to the parties." *Cooper v. Shealy*, 140 N.C. App. 729, 734, 537 S.E.2d 854, 857-58 (2000) (citation and internal quotation marks omitted).

¶ 31　　　　Funders Link serviced accounts for Funderz.net and HOP Capital. HOP Capital filed a UCC-1 in North Carolina to perfect their security interest. Funders Link withdrew monies from an account based in North Carolina from a North Carolina-based company daily from February 2019 until July 2019. This evidence supports a finding and conclusion Funders Link's activities within North Carolina included a reasonable expectation it could be haled into North Carolina's courts under the factors above. *Id.* Funders Link's minimum contacts support being haled into North Carolina's courts and does not "offend traditional notions of fair play and substantial justice." *Tejal Vyas, LLC*, 166 N.C. App. at 38, 600 S.E.2d at 885. Funders Link's argument is overruled.

## V.　Conclusion

¶ 32　　　　Plaintiff carried their burden to prove jurisdiction. Plaintiff has shown a

causal connection, purposeful availment, and personal jurisdiction under the statute between Plaintiff and Funders Link. Our review is expressly limited to the jurisdictional issues presented and we express no opinion on the relative merits, if any, of the parties' claims and defenses. The trial court's order denying Funders Link's Rule 12(b)(2) motion to dismiss is affirmed. *It is so ordered.*

AFFIRMED.

Judges DILLON and JACKSON concur.